**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 18-4340**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOANNE EDWARDS,

        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, Senior District Judge. (6:17-cr-00003-NKM-2)

─────────

Submitted: November 30, 2018               Decided: December 11, 2018

─────────

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant. Richard E. Zuckerman, Principal Deputy Assistant Attorney General, S. Robert Lyons, Chief, Tax Enforcement Policy Section, Stanley J. Okula, Jr., Alexander P. Robbins, Yael T. Epstein, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joanne Edwards appeals the 18-month sentence of imprisonment imposed by the district court after she pleaded guilty to conspiracy to structure currency transactions, in violation of 18 U.S.C. § 371 (2012); 31 U.S.C. § 5324(a) (2012), and willfully filing a materially false federal tax return, in violation of 26 U.S.C. § 7206(1) (2012). She contends that the district court improperly applied the sophisticated means sentencing enhancement, *see* U.S. Sentencing Guidelines Manual § 2T1.1(b)(2) (2016), and that her sentence is substantively unreasonable because the district court refused to consider her argument that she was religiously obligated to submit to her husband's commands. We affirm.

As an initial matter, the Government argues that Edwards has waived her challenge to the application of the sophisticated means enhancement. "A waiver is the intentional relinquishment or abandonment of a known right." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted). "A party who identifies an issue, and then explicitly withdraws it, has waived the issue." *Id.* (internal quotation marks omitted). A claim that is waived is not reviewable on appeal. *Id.* In contrast, forfeiture, or "the failure to make the timely assertion of a right," is reviewable for plain error. *Id.* To prevail on plain-error review, an appellant must show that there was an error, the error was "clear or obvious," and the error affected the appellant's substantial rights. *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 201 (4th Cir. 2018). Even if an appellant satisfies all three requirements, we should exercise our discretion to correct the error only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). We need not decide whether Edwards has waived

2

appellate review of this claim because we conclude that Edwards' claim fails, in any event, under plain-error review.

"Sophisticated means" under USSG § 2T1.1(b)(2) "means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means." USSG § 2T1.1 cmt. n.5 (emphasis omitted). We have explained that "the average criminal tax fraud involves some concealment; 'sophisticated' tax fraud must require more." *United States v. Jinwright*, 683 F.3d 471, 486 (4th Cir. 2012) (ellipsis and internal quotation marks omitted). However, the level of concealment necessary to support a sophisticated means enhancement is not high—a "court need only find the presence of efforts at concealment that go beyond (not necessarily far beyond) the concealment inherent in tax fraud." *Id.* (ellipsis and internal quotation marks omitted).

Here, Edwards contends that the sophisticated means enhancement requires "especially complex" methods of concealment beyond merely forming fake charities. (Appellant's Br. at 14). *Jinwright*, however, expressly rejected such a high bar, requiring only concealment more than that inherent in ordinary tax fraud. We conclude that the use of fake charities as shell entities is sufficient to support application of the sophisticated means enhancement. Thus, the district court did not err, much less plainly err, in applying the sophisticated means enhancement to Edwards' conduct.

Next, "[w]e 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United*

3

*States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. We presume that a sentence imposed within a properly calculated Sentencing Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *Id*.

Here, Edwards contends that her sentence is substantively unreasonable because the district court did not fully consider the nature and circumstances of the offense and Edwards' history and characteristics. Specifically, she contends that the court believed it could not consider her argument that she was religiously required to submit to her husband in determining a sentence. After reviewing the record, however, we conclude that the district court did indeed consider Edwards' argument. We further conclude that Edwards has not rebutted the presumption that her within-Guidelines sentence is substantively reasonable or otherwise shown that the district court abused its discretion in imposing an 18-month sentence. *See Louthian*, 756 F.3d at 306.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*